UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| INTERNATIONAL BUSINESS SOLUTIONS MARKETING & PUBLIC RELATIONS CO., LTD.,<br><br>Plaintiffs,<br><br>v.<br><br>THE UNIVERSITY OF FINDLAY, an Ohio Corporation, SOUTHERN NEW HAMPSHIRE UNIVERSITY, a New Hampshire Corporation,<br><br>Defendants. | CASE NO. C15-286MJP<br><br>ORDER DISMISSING CASE FOR LACK OF PERSONAL JURISDICTION |

THIS MATTER comes before the Court on Defendants' Motions to Dismiss for lack of personal jurisdiction. (Dkt. Nos. 15, 21.) Having reviewed the responses by Plaintiff International Business Solutions Marketing & Public Relations Co., Ltd. (Dkt. Nos. 28, 35), the replies by Defendants The University of Findlay and Southern New Hampshire University (Dkt. Nos. 32, 38), and the remaining record, the Court finds no personal jurisdiction over either defendant and orders the case DISMISSED.

**Background**

Plaintiff International Business Solutions ("IBS") is a Taiwan corporation owned by Tim and Tanya Gray ("the Grays"), who have been Washington State residents since 2011. (Dkt. No. 1 at 1-2.) IBS helps market universities in the United States to students in Taiwan and China. (Id. at 2.) For several decades IBS, through a network of local contacts and agents, has helped steer students to the Defendant University of Findlay ("UF"), a small college located in Findlay, Ohio, and to Defendant Southern New Hampshire University ("SNHU"), which has a main campus and is incorporated in New Hampshire. (Dkt. Nos. 1 at 2-3, 15 at 2-3, 21 at 2.) In return, UF and SNHU pay IBS a finder's fee whenever a student from certain schools in Taiwan and China enrolls. (Dkt. No. 1 at 3-4.)

IBS alleges both UF and SNHU have "attempt[ed] to seize" IBS's network of contacts and agents in Taiwan and China and that this constitutes both a misappropriation of trade secrets (for UF) as well as a tortious interference with business expectancy (for both defendants). (Id. at 8-9.) IBS further alleges SNHU used IBS advertising materials without authorization or compensation (Id. at 9-10), and UF's 2014 termination of the referral program is a breach of contract. (Id. at 5-8.)

Defendant UF

According to IBS, UF has had significant business communication (hundreds of phone calls and thousands of emails) with the Grays since the Grays moved to Washington, UF has met twice with the Grays in Seattle over lunch, UF "regularly" travels to the state to recruit transfer students from community colleges, and UF has signed agreements with "many" community colleges in the Seattle area for the purpose of recruiting transfer students. (Dkt. No. 28 at 2.)

ORDER DISMISSING CASE FOR LACK OF
PERSONAL JURISDICTION- 2

1  IBS does not dispute that UF has never had any offices or employees in Washington, and has
2  never paid taxes or performed services in Washington.  (Dkt. No. 15 at 3.)

3  UF admits its representatives have attended some number of "International Transfer
4  Fairs" (events attended by UF for the purpose of recruiting international students) in
5  Washington.  (Butler Decl., Dkt. No. 34 at 1-2.) UF also admits it has an "understanding" with
6  several Washington community colleges. (Dkt. No. 32 at 3-5.)  However, UF states (and IBS
7  does not dispute) that all its visits to Washington have been to recruit international students at
8  these transfer fairs, and that the agreement with the Washington community colleges (which
9  imposes no obligations on UF in Washington) is just an administrative arrangement to help
10 facilitate transfers.  (Id.)

11 <u>Defendant SNHU</u>

12 IBS alleges similar facts for SNHU, including extensive business communication, two
13 business meetings with the Grays, and some student recruitment within the state. (Dkt. No. 35 at
14 4-6.)  IBS also alleges that SNHU has advertised locally "extensive[ly]."  (Id.)  SNHU admits it
15 has advertised nationally, including television ads in Washington (though none specifically
16 targeting Washington or purchased from Washington stations).  (Dkt. No. 38 at 4.)  SNHU also
17 admits to attending two "transfer-student-recruiting" events in Washington.  (Id.)

**Discussion/Analysis**

19 I. Legal Standard

20 Where a defendant moves to dismiss a complaint for lack of personal jurisdiction, the
21 plaintiff bears the burden of demonstrating that jurisdiction is appropriate. <u>Sher v. Johnson</u>, 911
22 F.2d 1357, 1361 (9th Cir. 1990).

23 To establish personal jurisdiction, both the requirements of the applicable state long-arm
24 statute and federal due process requirement must be met. <u>Doe v. Unocal Corp.</u>, 248 F.3d 915,

ORDER DISMISSING CASE FOR LACK OF
PERSONAL JURISDICTION- 3

923 (9th Cir. 2001). Washington's long-arm statute, RCW 4.28.185, extends jurisdiction to the limit of federal due process. Shute v. Carnival Cruise Lines, 113 Wn.2d 763, 771 (1989).

Constitutional due process concerns are satisfied when a nonresident defendant has "certain minimum contacts with the forum such that the maintenance of the suit does not offend traditional conceptions of fair play and substantial justice." Int'l Shoe Co. v. Washington, 328 U.S. 310, 316 (1945). These minimum contacts must be such that a defendant "should reasonably anticipate being haled into court" in the forum state. World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980).

## II.  General Jurisdiction

For general jurisdiction to exist over a nonresident defendant, the defendant must engage in "continuous and systematic general business contacts . . . that approximate physical presence in the forum state." Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 801 (9th Cir. 2004) (citation omitted).  This is an exacting standard, because "a finding of general jurisdiction permits a defendant to be haled into court in the forum state to answer for any of its activities anywhere in the world." Id. at 801.  In this case, neither Defendant has more than occasional and limited contact with Washington State, so there is no general jurisdiction.  See Omeluk v. Langsten Slip & Batbyggeri A/S, 52 F.3d 267, 270 (9th Cir. 1990).

## III.  Specific Jurisdiction

Specific jurisdiction allows a court to adjudicate claims that arise out of a defendant's contacts with the forum, and the Ninth Circuit employs a three-prong test to determine whether a party has sufficient minimum contacts to be susceptible to specific jurisdiction: (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof, or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of

its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e., it must be reasonable. Schwarzenegger, 374 F.3d at 802. A purposeful availment analysis is used in suits sounding in contract, while purposeful direction is the appropriate question in suits sounding in tort. Id. at 802.

A. Purposeful Availment and Plaintiff's Contract Claims

Even assuming all of IBS's allegations are true, UF and SNHU did not purposefully avail themselves of Washington's laws. Simply communicating with the Washington-based owners of a Taiwan company about business conducted exclusively in Taiwan and China does not establish purposeful availment of Washington's law. See Van Steenwyk v. Interamerican Mgmt. Consulting Corp., 834 F. Supp. 336, 342 (E.D. Wash. 1993) ("It is clear that the defendant did not purposefully avail itself of the privilege of conducting business in Washington simply by sending communications to the plaintiff's Washington residence.").

Similarly, even assuming the contracts exist, they were exclusively performed out of state and "mere execution of a contract with a resident of this jurisdiction alone does not establish purposeful act requirement." CTVC of Hawaii, Co., Ltd. v. Shinawatra, 82 Wn. App. 699, 711 (1996). The "salient factor" to establish that a contractual relationship grants specific personal jurisdiction is whether it creates an "ongoing business relationship with a Washington company that has substantive effects and created future obligations in Washington." SeaHAVN, Ltd. v. Glitner Bank, 154 Wn. App. 550, 568 (2010). All substantive effects and future obligations under the alleged contracts take place in Taiwan, China, and (perhaps) Ohio and New Hampshire. (Dkt. No. 1 at 2-3.)

B.  Purposeful Direction and Plaintiff's Tort Claims

To determine whether or not a tort occurred in Washington, the "last event necessary to make the defendant liable" must have occurred in Washington.  <u>CTVC</u>, 82 Wn. App. at 717-18.  The tortious actions alleged in this case—misappropriation of trade secrets (for UF) and tortious interference with business expectancy (for both defendants)—arise exclusively from alleged acts in Taiwan and China, not Washington.  (Dkt. No. 1 at 5-7.)  Furthermore, any harm from Defendants' actions is exclusively to a Taiwan company in Taiwan and China.  That the owners of IBS currently reside in Washington, and thus would feel the financial impact of the alleged torts in Washington, is largely irrelevant because "the 'commission of a tortious act' in Washington is not established merely by showing that a resident of Washington has suffered a loss." <u>Oertel v. Bradford Trust Co.</u>, 33 Wn. App. 331, 336 (1982).

IBS has failed to allege facts sufficient to find either purposeful availment for contract claims or purposeful direction for tort, and therefore Washington does not have specific jurisdiction over either defendant in this case.

IV.     Dismissal For Failure to State a Claim

In addition to moving to dismiss for lack of personal jurisdiction, Defendant SNHU moves to dismiss for failure to state a claim pursuant to FRCP 12(b)(6).  Because the Court dismisses the case for lack of personal jurisdiction, it does not reach the issues raised in SNHU's 12(b)(6) motion.

**Conclusion**

Because the Court lacks personal jurisdiction over either defendant in this case, the Court ORDERS this case DISMISSED.

The clerk is ordered to provide copies of this order to all counsel.

1     Dated June 26, 2015.

                                    Marsha J. Pechman
                                    Chief United States District Judge

ORDER DISMISSING CASE FOR LACK OF
PERSONAL JURISDICTION- 7